UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, INC. a/s/o Amick Farms, LLC, and AMICK FARMS, LLC, | 3:25-cv-4674-SAL |
| | 25 Civ. (     ) |
| Plaintiffs, | |
| | **COMPLAINT** |
| - v. - | |
| | JURY TRIAL DEMANDED |
| UNION PACIFIC RAILROAD, | |
| Defendant. | |

Plaintiffs, Starr Indemnity & Liability Company, Inc. ("Starr") and Amick Farms, LLC ("Amick Farms"), by and through their undersigned attorneys, allege – upon information and belief – as follows:

## INTRODUCTION

1. This is an action for breach of contract of interstate rail carriage arising from damage to 4,083 cases of frozen chicken thighs ("Cargo") owned by Amick Farms, insured by Starr, and tendered to Union Pacific Railroad ("Union Pacific") for interstate rail carriage as part of a movement from Sumter, South Carolina to Woodburn, Oregon.

## PARTIES

2. Amick Farms was and is a Delaware limited liability company with an office for the transaction of business at 7155 Batesburg Highway, Batesburg, South Carolina 29006.

3. Amick Farms owned the Cargo.

4. At all times material, Starr was a corporation organized under the laws of the State of Texas, with an office and place of business located at 399 Park Avenue, 2nd Floor, New York, New York 10022.

5. Starr insured the Cargo, paid Amick Farms's losses resulting from the incident detailed herein (less Amick's deductible), and is thereby subrogated to Amick Farms's rights to the extent of that payment.

6. Amick Farms retains losses resulting from the incident detailed herein in the amount of its deductible.

7. Amick Farms and Starr bring this action on their own behalves and as agents or trustees on behalf of all having an interest in the subject shipment.

8. Union Pacific was and is a Utah corporation with an office for the transaction of business at 1400 Douglas Street, Omaha, Nebraska 68179.

9. Union Pacific was and is registered with the United States Department of Transportation as an interstate carrier with U.S.D.O.T. number 53433.

## JURISDICTION & VENUE

10. This action involves interstate transportation of goods by rail carrier. This Honorable Court has jurisdiction and venue is proper pursuant to 49 U.S.C. § 11706(d) (the "Carmack Amendment") and 28 U.S.C. § 1331.

## BACKGROUND

11. In or around July 2022, Amick Farms sold the Cargo to non-party, Cascade Meats, Inc. ("Cascade"), which is located in Woodburn, Oregon.

12. Amick Farms hired CSX Transportation, Inc. ("CSX") to transport the Cargo from Americold Logistics' Cold Storage Facility located at 1900 Corporate Way, Sumter, South Carolina 29154 ("Americold Facility") to JLR Warehouse LLC in Woodburn, Oregon

13. CSX issued Bill of Lading # OR-49435 ("Bill of Lading") to cover the subject shipment

14. CSX, in turn, subcontracted a portion of the Cargo's carriage made pursuant to said Bill of Lading to Union Pacific.

2

15. In or around July 2022, Union Pacific, as a delivering rail carrier under the Carmack Amendment, in consideration of certain agreed freight charges, received and accepted the Cargo, then in good order and frozen condition, and agreed to carry the Cargo – in subfreezing temperatures – to Woodburn, Oregon.

16. The Cargo was loaded into Union Pacific Railcar No. ARMN 110729 ("Railcar").

17. Upon its delivery in Woodburn, Oregon, on 5 September 2022, Cascade rejected the Cargo due to a strong smell coming from said Railcar.

18. Temperature records indicate that the Railcar experienced multiple periods of mechanical failure during transit resulting in the Cargo enduring extended temperature excursions above freezing in contravention of the terms of the Bill of Lading, of other documents controlling the terms applicable to the shipment of the subject Cargo, and of Union Pacific's obligations as an interstate delivering carrier of goods by rail under the Carmack Amendment.

19. Due to the mandates of the U.S. Food and Drug Administration, Amick Farms was required to destroy the Cargo.

20. The Cargo was, therefore, deemed a total loss and destroyed.

21. As a result, Amick Farms suffered losses totaling $421,516.04, as nearly as can now be determined.

22. Amick Farms submitted a claim to Starr for its losses, and Starr paid Amick Farms $411,516.04 ($421,516.04 less Amick Farms's $10,000 deductible) to settle the claim.

23. Starr thereby became subrogated to Amick Farms's rights to the extent of that payment.

24. Amick Farms retains uninsured losses in the amount of its $10,000 deductible.

CAUSE OF ACTION – BREACH OF CONTRACT OF CARRIAGE

25. Paragraphs 1 through 24 are incorporated by reference as though fully set forth at length herein.

26. As an interstate rail delivering carrier of goods for hire, Union Pacific was obligated by the Carmack Amendment, the terms of the Bill of Lading, and other documents controlling the terms applicable to the shipment of the subject Cargo to properly and safely transport, handle, carry, keep, care for, discharge, and deliver the Cargo in the same good order and condition as when received by it.

27. Union Pacific breached those duties by failing to deliver the Cargo in the same good order and condition as when received by it.

28. As a direct and proximate cause of Union Pacific's breach of its duties under the Carmack Amendment, the terms of the Bill of Lading, and the other documents controlling the terms applicable to the shipment of the subject Cargo, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $421,516.04.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in the sum of $421,516.04, plus interest, costs, disbursements, and such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: Columbia, SC                    PORTER & QUINN, LLC
       May _29, 2025                   Attorneys for Plaintiffs


                                       By: s/Charles F. Moore
                                       _____
                                       Charles F. Moore, Fed ID #7807

4